FILED IN CHAMBERS
U.S.D.C. Atlanta

AUG 21 2007

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ATLANTIC MUTUAL INSURANCE
COMPANY,

        Plaintiff,

v.

KILLEARN, INC., J.T. WILLIAMS,
JR., BOBBY M. BOATWRIGHT,
KELLEY M. BOATWRIGHT, and
BOATWRIGHT CONSTRUCTION, LLC,

        Defendants.

CIVIL ACTION NO.
1:06-CV-0308-JEC

## O R D E R & O P I N I O N

This case is presently before the Court on plaintiff's Motion to Reopen [29] and defendants' Motion to Dismiss [34]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that plaintiff's Motion to Reopen [29] should be **GRANTED** and defendants' Motion to Dismiss [34] should be **DENIED**.

### BACKGROUND

This litigation involves two prison construction contracts and a related indemnity agreement. (Order [26] at 1.) In late 2000, defendant Boatwright Construction ("BC") entered into contracts for prison construction projects in Madison County and Towns County,

Georgia. (*Id.* at 2.) Both contracts contained a provision requiring arbitration of "[a]ny claim arising out of or related to the Contract." (*Id.*)

Plaintiff Atlantic Mutual Insurance ("AMI") issued contract performance and payment surety bonds, ensuring BC's completion of the projects in conformity with the contracts. (*Id.*) As a condition to issuing those bonds, plaintiff required BC and its shareholders, defendants Killearn, Inc., J.T. Williams, Bobby Boatwright, and Kelley Boatwright, to execute an Indemnity Agreement. (*Id.*) Pursuant to the Indemnity Agreement, defendants agreed to:

> indemnify [plaintiff] and hold it harmless from and against all liability, losses, costs, damages, attorneys' fees, disbursements and expenses of every nature which [plaintiff] may sustain or incur by reason of having executed . . . [the performance and surety] bonds.

(Compl. [1] at Ex. A, ¶ 6.) The Indemnity Agreement did not contain an arbitration clause. (*Id.*)

BC experienced problems completing both the Madison County and the Towns County projects. (Order [26] at 2-3.) Pursuant to its bond obligations, plaintiff was required to complete the Madison County project, and to provide financial and managerial assistance to enable BC to complete the Towns County project. (*Id.*) Following the completion of both projects, plaintiff demanded reimbursement, pursuant to the Indemnity Agreement, for the associated costs and expenses. (*Id.*) In response, defendants Killearn and Williams filed

2

a demand for arbitration, against plaintiff and several other parties, based on the arbitration clause in the underlying construction contracts between BC and Madison and Towns County. (Id. at 3.)

Plaintiff subsequently filed this lawsuit, seeking to recover costs and expenses under the Indemnity Agreement. (Compl. [1].) Plaintiff concurrently filed a motion to stay the arbitration pending this litigation. (Pl.'s Mot. to Stay [2].) Defendants Killearn and Williams responded with a motion to compel arbitration, and to stay the litigation pending arbitration. (Defs.' Mot. to Compel [15].)

In its Order addressing those motions, the Court concluded that plaintiff was not required to arbitrate the indemnity issue because the Indemnity Agreement did not contain an arbitration clause. (Order [26] at 10.) Nevertheless, the Court recognized that plaintiff was subject to a demand by Madison County to arbitrate disputes concerning plaintiff's completion of the Madison County project.[1] (Id. at 13.) The Court noted, further, that plaintiff's participation in the arbitration could significantly affect the amount of defendants' liability under the Indemnity Agreement. (Id.) Accordingly, the Court stayed the litigation pending the arbitration

---

[1] When plaintiff assumed the Madison County project, it signed a Takeover Agreement that incorporated the terms of the underlying construction contract, including the arbitration clause. (Order [26] at 3.)

3

and administratively terminated the case, indicating that the case would be reopened when the arbitration was concluded. (*Id.* at 14.)

Plaintiff has now filed a motion to reopen the case. (Pl.'s Mot. to Reopen [29].) In support of its motion, plaintiff informs the Court that: (1) the Fulton County Superior Court has issued an order staying the arbitration; and (2) Madison County has signed an agreement foregoing its contractual right to require plaintiff to participate in the arbitration. (*Id.* at 1-2.) As the arbitration is indefinitely stayed as to all parties, and effectively terminated as to plaintiff, plaintiff requests that the Court permit it to proceed with its indemnity claim. (*Id.* at 3.)

In response, defendants have filed a motion to dismiss the case pursuant to the *Colorado River* doctrine, which permits a district court to abstain from exercising its jurisdiction, in very limited circumstances, when there is a concurrent state court action concerning the same matter. (Def.'s Mot. to Dismiss [34].) Defendants claim that there is a case pending in the Fulton County Superior Court concerning substantially the same issues raised by plaintiff in this case. (*Id.* at 2.) They urge the Court to abstain from deciding plaintiff's indemnity claim, which can be more efficiently addressed in the state court action. (*Id.*)

4

**DISCUSSION**

I.  **Plaintiff's Motion to Reopen**

As noted, the Court concluded in its previous order that plaintiff could not be compelled to arbitrate its indemnity claim because the Indemnity Agreement did not contain an arbitration clause. (Order [26] at 10.) In reaching this conclusion, the Court noted that claims involving the underlying construction contracts and Takeover Agreement, which did contain arbitration clauses, were likely arbitrable. (*Id.*)

Typically, when a court finds that some claims are arbitrable and others are non-arbitrable, the proper course is to allow the arbitration and litigation to proceed concurrently. *Benoay v. Prudential-Bache Sec., Inc.*, 805 F.2d 1437, 1441 (11th Cir. 1986)(stating that the "better approach" is to deny competing motions for a stay of arbitration and litigation proceedings, "allow[ing] all the proceedings to go forward without delay.") However, the Court found that special circumstances in this case mitigated in favor of staying the litigation until the arbitration was concluded. Specifically, the Court noted that the arbitration would likely affect the amount of plaintiff's indemnity claim because Madison County had a contractual right to require plaintiff to participate in the arbitration. (Order [26] at 13.) Defendants' liability, pursuant to the terms of the Indemnity Agreement, would increase to

5

the extent plaintiff incurred costs and expenses participating in the arbitration, or Madison County prevailed on a cross-demand asserted against plaintiff in the arbitration. (*Id.*) Accordingly, the Court stayed the litigation until the conclusion of the arbitration, when the amount of defendants' potential liability under the Indemnity Agreement could be calculated with more certainty. (*Id.*)

The Court agrees with plaintiff that the special circumstances justifying a stay of this litigation no longer exist. First, Madison County has agreed to forego its contractual right to assert any claims against plaintiff in the arbitration or to otherwise require plaintiff to participate in the arbitration. (Pl.'s Mot. to Reopen [29] at Ex. A.) Neither can defendants compel plaintiff to participate in the arbitration. (Order [26] at 10.) There is, therefore, no longer any possibility that the arbitration will increase the amount of costs and expenses that plaintiff is entitled to recover under the Indemnity Agreement.

Moreover, the Court entered the stay on the presumption that the arbitration was proceeding, and would be concluded in a timely manner. Generally, arbitration provides "an alternative method for dispute resolution that is speedier . . . than litigation." *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1367 (11th Cir. 2005). The Court therefore did not believe that a stay, pending the arbitration, would unduly delay plaintiff's ability to pursue its

6

indemnity claim. At this point, however, the arbitration is not proceeding, and may never proceed. (Pl.'s Mot. to Reopen [29] at 2.)

Defendants insist that plaintiff's request to reopen the case is premature because the Court stated in its previous Order that it would reopen the case "when the arbitration of the underlying contract claims is concluded." (Defs.' Opp'n to Pl.'s Mot. to Reopen [33] at 6.) As to plaintiff, the arbitration is effectively concluded because there is no longer any party that can compel plaintiff to participate in the proceedings. Furthermore, it is not reasonable to delay this case until the conclusion of a proceeding that has been indefinitely stayed and may not ever occur. Accordingly, plaintiff's motion to reopen is **GRANTED**.

## II. Defendants' Motion to Dismiss

Defendants argue that the Court should dismiss this action pursuant to the *Colorado River* doctrine, because of a concurrent action pending in the Fulton County Superior Court. (Defs.' Mot. to Dismiss [34].) Defendant Killearn's demand for arbitration named several parties other than plaintiff, including Pieper O'Brien Herr Architects ("POH"). (Defs.' Mem. in Supp. of Mot. to Dismiss ("Defs.' Mem.") [33] at 2-3.) Approximately a month after plaintiff filed this action, POH filed an action in Fulton County Superior Court. (Defs.' Mem. [33] at 13.) POH's Complaint named plaintiff

7

and defendants as parties, and requested a stay of the arbitration.[2] Defendants filed a cross-claim against plaintiff, based on the underlying construction contracts, in the Fulton County action. (*Id.* at 3; Pl.'s Reply Br. Opposing Mot. to Dismiss ("Pl.'s Reply") [37] at 6.) According to defendants, Fulton County is a more appropriate forum to resolve all of the claims related to the Madison County and Towns County projects, including plaintiff's indemnity claim. (Defs.' Mem. [33].)

Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976). *See also TranSouth Fin. Corp. v. Bell,* 149 F.3d 1292, 1294 (11th Cir. 1998). Thus the general rule is that "'the pendency of an action in . . . state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" *Colorado River,* 424 U.S. at 817 (quoting *McClellan v. Carland,* 217 U.S. 268, 282 (1910)). In *Colorado River,* the Supreme Court recognized a narrow exception to this rule, applicable in "exceptional" cases, when there is a

---

[2] The Fulton County Superior Court case is styled *Pieper O'Brien Herr, Ltd. v. Atlantic Mutual Insurance Company, Madison County, Georgia, Masonry Construction Co., LLC, Hefner Electric and Plumbing, Inc., Northeast Georgia Services, Inc. Boatwright Construction, Inc., Bobby Boatwright, Killearn, Inc. and J.T. Williams,* Civil Action File No. 2006-CV-114342. (Defs.' Mem. [33] at 13.)

concurrent parallel state proceeding.[3]  *Id.*

Assuming there is a parallel state action, the Court must consider the following factors to determine whether dismissal of the federal action is appropriate: (1) whether either court has assumed jurisdiction over property; (2) the relative inconvenience of the fora; (3) the order in which jurisdiction was obtained and the relative progress of the two actions; (4) the desire to avoid piecemeal litigation; (5) whether federal law provides the rule of decision; and (6) whether the state court will adequately protect the rights of all parties.  *Transouth,* 149 F.3d at 1294-95.  These criteria should not be mechanically applied, but carefully balanced according to the particular facts of each case.  *Id.* at 1295.  In addition, the Court must "weigh these factors with a heavy bias in favor of exercising jurisdiction."  *Id.*  Dismissal is only warranted by "the clearest of justifications."  *Colorado River,* 424 U.S. at 819.

As an initial matter, the Fulton County action is not a parallel state proceeding.  The Fulton County case involves the underlying

---

[3]  "Exact parallelism" is not required.  *Ambrosia Coal and Constr. Co. v. Morales,* 368 F.3d 1320, 1330, n. 21 (11th Cir. 2004) (citing *Romine v. Compuserve Corp.,* 160 F.3d 337, 340 (6th Cir. 1998)).  For purposes of the *Colorado River* analysis, it is sufficient if the state and federal proceedings involve "substantially the same parties . . . [and] substantially the same issues."  *Id.*

9

construction contracts, not the Indemnity Agreement. (*See* Pl.'s Reply [37] at 6.) As the Court explained in its previous order, the Indemnity Agreement does not address the same subject matter, bind the same parties, or raise the same issues as the underlying construction contracts. (Order [26] at 7.) Although related to the underlying contract claims, the indemnity issues are separate and distinct, requiring only a determination of: (1) the costs and expenses that plaintiff incurred as a result of issuing the performance and surety bonds; and (2) whether those costs and expenses resulted from plaintiff's "deliberate and willful malfeasance." (Compl. [1] at Ex. A.)

In addition, the *Colorado River* factors do not favor abstention in this case. The first two factors are irrelevant: (1) Neither this Court nor the Fulton County Court has assumed jurisdiction over any property and (2) the state and federal courthouses are in the same city and are equally convenient. Regarding the third factor, this Court assumed jurisdiction over the matter approximately a month before POH filed the Fulton County action.

As to the fourth factor, dismissal of this action will not avoid piecemeal litigation because plaintiff's indemnity claim is not part of the Fulton County action. Plaintiff has not asserted, and cannot be compelled to assert, its indemnity claim in state court. (*See* Pl.'s Reply [37] at 6 and Veal Aff. at Exs. 1 and 2.) Consequently,

10

dismissal of this action will only delay the resolution of plaintiff's claim; it will not avoid its piecemeal consideration. See Am. Mfrs. Mut. Ins. Co. v. Stone, 743 F.2d 1519, 1525 (11th Cir. 1984)("Because the district court cannot force [the plaintiff] to assert its claims as permissive cross claims in the state proceeding, the stay order has not avoided, but has merely delayed, piecemeal consideration of the claims.").

With regard to the fifth factor, defendants concede that Kelley Boatwright, an indemnitor and a party to this action, is not a party to the Fulton County action. (See Pl.'s Reply [37] at 7 and Defs.' Reply [38].) It is therefore questionable whether the state forum can fully protect plaintiff's right to reimbursement from all of the indemnitors, as specified in the Indemnity Agreement. (See Compl. [1] at Ex. A.) In any case, the "adequate forum" factor only weighs in favor of abstention when the federal forum "is inadequate to protect a party's rights." Ambrosia, 368 F.3d at 1334. The Court is fully capable of protecting defendants' rights under the Indemnity Agreement. This factor is therefore neutral, at best, as applied to this case. Id.

Indeed, the only fact that favors dismissal in this case is that Georgia law governs the parties' rights under the Indemnity Agreement. This fact alone is not sufficient to support dismissal under Colorado River, particularly as the case does not involve

11

"complex questions of state law that a state court might be best suited to resolve." *Ambrosia*, 368 F.3d at 1334 (11th Cir. 2004). *Compare St. Paul Fire and Marine Ins. Co. v. White Constr. Co., Inc.*, 2005 WL 3021981 (N.D. Fla. 2005)(abstaining where the federal action required interpreting two Florida statutes that had been certified to the Florida Supreme Court by the Eleventh Circuit). Accordingly, defendants' motion to dismiss should be **DENIED**.

### CONCLUSION

For the foregoing reasons, the Court **GRANTS** plaintiff's Motion to Reopen [29] and **DENIES** defendants' Motion to Dismiss [34].

SO ORDERED, this 21 day of August, 2007.

_____
JULIE E. CARNES
UNITED STATES DISTRICT JUDGE